900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William TURNER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-3256.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1989.
Decided: April 5, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Daniel E. Klein, Jr., United States Magistrate. (CA-88-959-S)
 Peter Michael David Martin, Legal Aid Bureau, Inc., Baltimore, Md., Victoria Regina Robinson, Legal Aid Bureau, Inc., Centreville, Md., for appellant.
 Lawrence John Harder, United States Department of Health & Human Services, Philadelphia, Pa., Larry D. Adams, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The parties have submitted the case on the briefs and, upon examination of them, we are satisfied that we can reach a proper result through examination of the briefs and record and, therefore, waive oral argument.
 
 
 2
 On March 5, 1984, William Turner first sought social security and supplemental security income disability benefits. In August 1985, benefits were awarded for a closed period of disability, from July 1, 1983, to April 20, 1985. Thereafter, on January 16, 1986, he filed new applications for social security and supplemental security income disability benefits. His second applications were denied by an ALJ, the denial was affirmed by the Appeals Council, and again denied following a trial before United States Magistrate Daniel E. Klein, who held that "the ALJ's final determination that plaintiff was not disabled is supported by substantial evidence." Turner has now appealed to us. We also affirm the denial of benefits.
 
 
 3
 The case presents, in stark form, the question of whether substantial evidence supported the ALJ's determination. Turner, considered purely on a physical basis, was not disabled. He lived alone, handled his own housework, went to the store for groceries, took substantial walks, and otherwise demonstrated an ability to do some medium work of a class for which there were no fewer than 2500 jobs in the national economy.
 
 
 4
 The question becomes more complex, however, since Turner displayed a substantial alcohol dependency accompanied by depression. Dr. Stanley Platman, a consulting psychiatrist for the Social Security Administration, concluded that Turner had a "basic paranoid personality [which] makes working with him more difficult." Dr. Platman further observed that "[d]ue to his alcoholism and his anger, he [would be] unable to engage in a work situation unless he was very fortunate in getting a very supportive work situation."
 
 
 5
 However, Dr. Jacques A. Clermont, another consulting psychiatrist, concluded, following examination, that Turner displayed "no visible psychiatric disability at this time," while noting that Turner was "superficially cooperative" and was "quite angry." Dr. Clermont suggested that "[a]nother medical evaluation would tell us about the level of job he can prepare for, if any, while he will continue to need some psychiatric support."
 
 
 6
 One treating physician, Dr. Matthew R. Weir, an internist, concluded that "although there may be some depression as patient lives in borderline situation financially, this does not interfere significantly with his ability to perform activities of daily living." Daily living, for most, subsumes "working."
 
 
 7
 With respect to the nonexertional disabilities to which Turner claimed he was subject, while he testified that in the month prior to the hearing before the ALJ he had been drinking approximately two pints of whiskey a day, he went on to say that he had recently cut back. He claimed that his drinking was not a constant thing, explaining drink as a source of relief from pain in his neck and shoulders. The testimony also developed that Turner had been employed at least five times, with him being terminated after getting verbally abusive.
 
 
 8
 The conclusion reached by the magistrate is one also reached by us: "the ALJ's application of the grids in this case was proper since the ALJ found that plaintiff was not functionally limited by plaintiff's nonexertional impairments of alcohol dependency and depression." Turner would have us find that he was totally disabled because of his nonexertional alcohol dependence and depression. However, we are not required to accept unquestioningly beliefs of the applicant for social security and supplemental security income disability benefits. His current problems with alcohol were readily recognized, and the ALJ found that, because of them, he could not perform the full range of medium work. The ALJ in that regard found that Turner possessed the residual functional capacity to engage in medium work activity that would allow him to work in a low stress environment and that would allow him to perform routine and repetitive work.
 
 
 9
 Turner relies on the burden-shifting language of Grant v. Schweiker, 699 F.2d 189 (4th Cir.1983), in which we required the Secretary "to come forward with evidence that [the claimant] retained the ability to perform work of a type that exists in the national economy." However, on the evidence before him, the ALJ was able to find, regardless of where the burden lay, that Turner could perform some type of low stress work. He was buttressed in such a conclusion because Turner would not attribute most of his problems to alcohol. In those circumstances, a job in a supportive work situation could be performed.
 
 
 10
 Of course, as illustrated by Hall v. Harris, 658 F.2d 260 (4th Cir.1981), where a nonexertional impairment is presented, the question of whether sedentary work can be performed normally requires the testimony of a vocational expert. Id. at 267. Here, however, that medium or lesser work could be performed under certain circumstances--there being jobs fitting those circumstances available in the national economy--is quite different and a vocational expert requirement simply cannot be mandated where alcohol dependency appears to rise and fall and testimony establishes Turner's ability to perform some medium work.
 
 
 11
 More to the point is our decision in Smith v. Schweiker, 719 F.2d 723 (4th Cir.1984), in which we said:
 
 
 12
 The potential wrinkle in this case arises because Smith introduced evidence of anxiety neurosis and depression additional to his physical maladies. The crux of Smith's argument on appeal is that, because he suffers from "nonexertional impairments" in combination with his exertional impairments, the grid regulations cannot be controlling, but instead the Secretary must prove by specific vocational evidence that Smith can perform jobs in the national economy. This presents for decision the very narrow issue of whether, once Smith made out a prima facie case of disability, the Secretary properly relied upon the grids notwithstanding the evidence of Smith's anxiety neurosis.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 It is amply clear, however, that not all nonexertional conditions or limitations affect an individual's capacity to perform such work. Whether a given nonexertional condition affects a particular claimant's residual capacity to engage in certain job activities is a question of fact. We conclude that substantial evidence supported the ALJ's finding that the anxiety neurosis complained of by Mr. Smith did not affect his capacity to perform sedentary work.
 
 
 16
 Id. at 725 (citations omitted).
 
 
 17
 The judgment is, accordingly,
 
 
 18
 AFFIRMED.